## AMERICAN FOOD PRODUCTS CO. v. UNITED STATES.
### No. L–126.

Court of Claims.
May 7, 1934.

I. N. Nelson, of Chicago, Ill., for plaintiff.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The plaintiff is a corporation formerly styled Morris & Co., which filed a consolidated corporation income and excess-profits tax return for itself and its subsidiaries covering the year 1917. This tax was duly paid, including a tax for one of its subsidiaries called the William F. Mosser Company. Subsequently the Commissioner assessed a large amount of additional tax, and the plaintiff filed an amended return showing a lesser amount due than that which was originally reported. At the same time the plaintiff and its affiliates filed a claim for refund of the difference between the amount shown to be due by its amended return and the amount paid, and also filed a claim for abatement of the additional assessment. Later the Commissioner made an audit and determined that there had been an overassessment in a sum that largely exceeded the additional assessment (which had not been paid), and at the same time the Commissioner determined that the William F. Mosser Company had a tax liability for the year 1917 in the sum of $44,-661.17, which was subsequently assessed and demand made of the taxpayer for payment. In due course and in the ordinary manner the Commissioner approved a schedule of overassessments against the plaintiff, which he sent to the collector. The schedule was returned by the collector on April 30, 1924, showing that in compliance with instructions appearing thereon, of the total overassessment in favor of plaintiff, $438,375.57 had been abated and the balance of $44,659.23 credited in satisfaction of the additional assessment against the William F. Mosser Company for 1917. On June 2, 1924, the Commissioner mailed to the plaintiff a certificate of overassessment in the amount of $483,-034.80 for 1917.

The plaintiff now brings this suit to recover the $44,659.23 credited on the additional assessment against the Mosser Company after the period of limitations on the collection thereof had expired. The suit is not brought on any claim for refund, but it is contended that the certificate of overassessment constituted an account stated in favor of plaintiff upon which the suit is based.

The record presents two questions for our determination:

First, whether the credit upon the taxes of the Mosser Company was made pursuant to directions given by the plaintiff;

Second, whether there was in fact any account stated in favor of plaintiff, for, if not, its suit is clearly barred by the statute of limitations.

On the question of whether the Commissioner followed instructions in making the credit both parties rely upon the letter of February 24, 1923, written by plaintiff's predecessor, Morris & Co., and set out in the findings. If the letter is taken literally the plaintiff's contention that it gave no directions as to the credit would have to be sustained for it merely states that the plaintiff may be assessed with any taxes that are due and that any overassessment (meaning thereby overpayment) shall be refunded to Morris & Co. This, of course, could be done without any agreement, for it would be merely the ordinary proceedings as provided by law. But the letter also stated that this was in confirmation of an agreement made between the representatives of the company and the defendant. Apparently there had been a conference with reference to the adjustment of the taxes of the parent corporation and its subsidiaries and an agreement had been reached thereon, which the letter confirmed.

Unless this was the understanding, the agreement was meaningless. The plaintiff insists that the letter of the Commissioner dated November 8, 1923, shows that the Commissioner refused to acquiesce in the request made by Morris & Co. for the reason that such action would complicate the adjustments of the tax liability in the various districts in which Morris & Co. operated. But the Commissioner did direct the collector of internal revenue for the first district of Illinois to comply with the request and in order that it might be done had the collector for the district of Massachusetts transfer the assessment of the Mosser Company to Illinois in order that the allocation could be made. The record also shows that after this had been done the Commissioner notified Morris & Co. of his determination of the correct net income and tax liability for the year 1917. The letter recited that an examination had been made of the income tax returns of Morris & Co. and the affiliated companies for the year 1917, and that the results thereof were outlined in attached statements and schedules. This was followed by a statement as follows: "Inasmuch as all differences have been adjusted between yourself and the Unit the certificate of overassessment for the amount ($483,034.80) shown will be forwarded immediately for scheduling."

Not long thereafter further proceedings were had in the way of scheduling the overassessment and making the credit upon the tax of the Mosser Company as hereinabove recited. We think that taking the evidence as a whole it shows that the defendant in effect was complying with the instructions of Morris & Co. as it had a right to understand them. If we are correct in this, then under decisions of this court and the Supreme Court recently made, the plaintiff cannot recover.

It should also be observed that the record fails to show that the Mosser Company ever filed any return for 1917. The assessment made against this company was therefore made in time.

■■ It is not necessary, however, to rest the case upon our conclusions stated above for in any event it is clear that the plaintiff's action is barred by the statute of limitations.

As before stated, the plaintiff relies on the certificate of overassessment which it is insisted constituted an account stated in its favor upon which suit could be brought at any time within six years. For some reason which is not given, the certificate of overassessment which was sent to plaintiff was not offered in evidence, nor is there anything in the testimony to show the contents of this instrument. The record contains merely the bare recital that a certificate of overassessment in the sum of $483,034.80 was mailed to plaintiff. If we assume that the Bureau followed its regular course in making out this instrument, it would show that of this sum, $438,375.57 was abated, the balance of $44,-659.23 credited upon the taxes of the Mosser Company, and that nothing was due plaintiff and its case must fail. If, on the other hand, notwithstanding our knowledge of the Bureau practice, we can indulge in no presumptions or assumptions with reference to what was stated in the instrument under consideration except that it showed an overassessment in the amount above stated, there is still no foundation for plaintiff's case. An overassessment is not the same thing as an overpayment, and a certificate of overassessment is often made when there has been no overpayment. In the case before us, the fact is, as otherwise shown by the record, that of the overassessment of $483,034.80, $438,375.57 was not an overpayment. It had been assessed but had been abated without any payment thereof. In many of the cases which we have recently had before us we have referred to the certificate of overassessment which was issued as showing an overpayment but this was because the body of the instrument and the language contained therein showed that there had been in fact an overpayment and the amount thereof. If the certificate sent to plaintiff merely showed an overassessment and nothing more, it did not thereby show an overpayment or that anything was due plaintiff. The *overpayment* was shown by the schedule signed by the Commissioner at an earlier date, but this was not delivered to the plaintiff. Moreover, the schedule as a whole showed nothing was due the plaintiff. To constitute an account stated the account must be rendered by one party to another and show a balance struck and the amount due, if any. There is no evidence to this effect in the record, and plaintiff's cause of action is consequently barred.